**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**STEVEN JUSTICE,**
          **Petitioner,**

**v.**
                                                  **Civil Action No. 3:19-CV-100**
                                                  **(GROH)**

**UNITED STATES OF AMERICA,**
          **Respondent.**

**REPORT AND RECOMMENDATION**

**I. INTRODUCTION**

On June 12, 2019, Petitioner, an inmate at Federal Correctional Institution ("FCI") Hazelton, acting *pro se*, instituted this action by filing a one-page letter which the Clerk construed as a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  ECF No. 1.[1]  The motion to vacate was not filed on Court-approved forms, however, it cites to the First Step Act as a basis for relief.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule of Prisoner Litigation Procedure ("LR PL P") 2. For the reasons set forth below, the undersigned recommends that the motion be denied and dismissed without prejudice as premature.

---

[1]  ECF Numbers cited herein refer to Case No. 3:19-CV-100, unless otherwise noted.

## II. FACTUAL AND PROCEDURAL HISTORY

### A.      Petitioner's Conviction and Sentence[2]

On January 19, 2011, Petitioner was charged in Counts 1, 2, 3, 6, 11, 16, 17, 19, 22 and 24, of a superseding indictment in the Western District of Virginia, with various drug and firearms offenses.  ECF No. 117.  As described by the Fourth Circuit in its April 19, 2019, unpublished opinion:

> Justice pled guilty in 2012 to multiple drug and firearms offenses and was sentenced to concurrent terms of 110 months' imprisonment, followed by three years of supervised release.  In 2015, the district court reduced Justice's sentence to 92 months on each count, to run concurrently.  He began serving his supervised release term in December 2016.  In March 2018, a petition to revoke Justice's supervised release was filed, citing numerous violations of the conditions of his release.  Justice admitted all but one of the alleged violations. . . . The court imposed an above-Guidelines sentence of 18 months' imprisonment on each count, to run concurrently, followed by three years of supervised release.  Justice noted a timely appeal.

ECF No. 557 at 2.  In affirming the revocation of Petitioner's supervised release and imposed sentence, the Fourth Circuit found that the above-Guidelines sentence was "procedurally and substantively reasonable."  Id. at 4.

A review of the Inmate Locator page of the Bureau of Prisons' ("BOP") website[3] shows that Petitioner remains in BOP custody at Gilmer FCI and that his projected release date is August 28, 2019.

---

[2]  All CM/ECF references in section II.A. and II.B. refer to entries in the docket of Case No. 1:10-CR-28 in the Western District of Virginia, available on PACER.  Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (Courts "may property take judicial notice of public record"); Colonial Penns. Ins. Co. v. Coil, 867 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records'").

[3]  Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/.

## III. LEGAL STANDARD

### A.      Review of Application for Posttrial Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such application for posttrial relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion."  Rule 4(b), Rules Governing Section 2255 Cases in the U.S. District Courts.

### B.      Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[4] is designed largely to discourage the filing
> of, and waste of judicial and private resources upon, baseless

---

[4] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."  As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

3

> lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C.      Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction.  A motion made pursuant to 28 U.S.C. § 2255 is a collateral attack on a conviction or sentence imposed in a separate proceeding.  To succeed on such a motion, the movant must prove one of the following, that: (1) the conviction or sentence was imposed in violation of the laws or Constitution of the United States; (2) the court in imposing sentence lacked jurisdiction; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence was otherwise subject to collateral attack.  28 U.S.C. § 2255(a).

### IV. ANALYSIS

This Court liberally reads Petitioner's instant letter construed as a motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255, as seeking relief under the First Step Act of 2018.  The First Step Act of 2018[5] ("the Act"), which was enacted on December 21, 2018, amended 18 U.S.C. § 3624(b), to permit federal inmates to earn 54 days of good conduct time for each year of the sentence imposed, effectively abrogating Barber v. Thomas, 560 U.S. 474 (2010).  However, this provision has not yet taken effect.

---

[5] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194.

Per 18 U.S.C. §§ 3624 and 3631(b)(2), the amendments of the Act take effect only when the Attorney General completes the "risk and needs assessment system" required by 18 U.S.C. § 3631(b).  Further, 18 U.S.C. § 3632(a) does not require development and public release of the risk and needs assessment system until 210 days after the Act's enactment. Therefore, the First Step Act will not take effect until approximately July 19, 2019. Because the First Step Act is not yet effective, the BOP is not mandated to implement the same until the effective date.  Accordingly, this motion has been prematurely filed.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 [ECF No. 1] be **DENIED** and that the § 2255 proceeding be **DISMISSED WITHOUT PREJUDICE**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas

v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States

v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the pro se Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED:      June 20, 2019

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE